UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A. BURNHART,<br><br>                Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTION ELDON VAIL,<br><br>                Defendant. | Case No.  C08-5204RJB-KLS<br><br>ORDER TO SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>,

ORDER
Page - 1

1  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
2  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
3  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

4  Plaintiff also must allege facts showing how individually named defendants caused or personally
5  participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
6  1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
7  responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
8  (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
9  Palches, 665 F.2d 965, 968 (9th Cir. 1982).

10  In his complaint, plaintiff claims the Washington State Department of Corrections ("DOC")
11  violated his due process and equal protection rights by keeping him incarcerated longer than the
12  sentenced imposed on him by the sentencing court. He seeks monetary, declaratory and injunctive relief,
13  although he fails to state the kind of injunctive relief he is requesting. In addition to that deficiency, the
14  complaint is deficient for a number of other reasons. First, although he names Elden Vail as a defendant
15  in this case, plaintiff has set forth no facts to show that defendant Vail caused or personally participated in
16  causing the harm alleged.

17  In addition, the Eleventh Amendment reads in relevant part:

18  The Judicial power of the United States shall not be construed to extend to any suit in
    law or equity, commenced or prosecuted against one of the United States by Citizens of
19  another State, or by Citizens or Subjects of any Foreign State.

20  U.S. Const. Amend XI. Under the Eleventh Amendment, therefore, a state is not subject to suit by its
21  own citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). A state agency, as an arm
22  of the state, is immune from suit in federal court under the Eleventh Amendment as well. Howlett v.
23  Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). An
24  entity that has Eleventh Amendment immunity, furthermore, is not a "person" within the meaning of 42
25  U.S.C. § 1983.[1] Howlett, 496 U.S. at 365. As noted above, plaintiff attributes most, if not all, of the harm

26

---

27  [1]Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or
    usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or
28  other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution
    and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.
    § 1983.

1 alleged to the DOC, although it is not entirely clear from his complaint that the DOC actually is being
2 named as a defendant. Regardless, as a state agency, the DOC is immune from liability here.
3     Lastly, plaintiff's claims as indicated essentially amount to an allegation that he is being kept in
4 prison by the DOC for longer than his actual sentence as imposed by the sentencing court. A writ for
5 *habeus corpus*, however, "is the exclusive remedy for a state prisoner who challenges the fact or duration
6 of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481
7 (1994); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997). This is true even though a section 1983
8 claim is based on "the alleged unconstitutionality of state administrative action." Preiser v. Rodriguez,
9 411 U.S. 475, 489 (1973).
10     The United States Supreme Court, furthermore, has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87. In other words, a claim for damages that relates to a conviction or sentence which "has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487 (emphasis in the original). In addition:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id.

21     The Supreme Court has made applicable its holding in Heck – that a state prisoner's claim for
22 damages is not cognizable under section 1983 if "a judgment in favor of the plaintiff would necessarily
23 imply the invalidity of his conviction or sentence," unless that conviction or sentence previously has been
24 invalidated – to the loss of good time credits. Edwarads v. Balistok, 520 U.S. 641, 643, 646 (1997)
25 (quoting Heck, 512 U.S. at 487) (finding challenge to validity of procedures used to deprive prisoner of
26 his good-time credits not cognizable under § 1983, because it necessarily implied invalidity of deprivation
27 of his good-time credits); see also Muhammad v. Close, 540 U.S. 749, 751 (2004) (noting Heck applies in
28 circumstances where administrative action taken against prisoner could affect credits toward release based on good time served). Thus, it is only in those cases where a prisoner's challenge to, for example,

1  the loss of good time credits "threatens no consequence for his conviction or the duration of his
2  sentence," that the requirements of Heck do not apply. Muhammad, 540 U.S. at 751.

3      As noted above, plaintiff here is alleging he is being kept in prison by the DOC for longer than his
4  sentence. He has not shown, however, let alone claimed, that his conviction or sentence already has been
5  invalidated by either court or executive order. In addition, any judgment in favor of plaintiff necessarily
6  would imply the invalidity of his sentence, as the logical consequence of such a judgment would be his
7  release from prison. Accordingly, plaintiff's claim may be considered only in a petition for writ of
8  *habeas corpus* and should be dismissed with prejudice as frivolous on this basis alone.

9      Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file
10 an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why
11 this matter should not be dismissed by **no later than May 8, 2008**. The amended complaint must carry
12 the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to
13 adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant
14 to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

15     Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
16 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
17 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
18 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
19 complaint.

20     The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
21 complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
22 plaintiff.

23     DATED this 8th day of April, 2008.

24
25
26                                              Karen L. Strombom
27                                              United States Magistrate Judge
28